**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

**JOCELYN BRUTUS,**
***Plaintiff*,**

**v.** **Case No.: 1:24cv134-MW/HTC**

**YES COMPANIES FRED, LLC,**
**et al.**

***Defendants*.**
____________________________/

**ORDER DENYING DEFENDANTS EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES LLC, AND TRANSUNION LLC'S MOTION TO DISMISS**

This Court has considered, without hearing, Defendants Experian Information Solutions, Inc. ("Experian"), Equifax Information Services LLC ("Equifax") and TransUnion LLC's ("TransUnion") (collectively the "Consumer Reporting Agency Defendants" or the "CRA Defendants") motion to dismiss and memorandum of law in support, ECF No. 29, and Plaintiff's response in opposition to the Defendants' motion to dismiss, ECF No. 39. For the reasons set forth below, the CRA Defendants' motion, ECF No. 29, is **DENIED**.

Plaintiff's dispute with the CRA Defendants turns on whether the CRA Defendants conducted a reasonable reinvestigation of Plaintiff's disputed debt as required by the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §1681i(a)(1)(A). ECF No. 20 ¶¶ 132, 141, 144. The CRA Defendants claim that Plaintiff's numerous

counts against them under the FRCA should be dismissed with prejudice because there was no factual inaccuracy requiring reinvestigation. ECF No. 29 at 3–4.

In deciding the CRA Defendants' motion to dismiss, this Court accepts Plaintiff's factual allegations as true and construes them in the light most favorable to Plaintiff. *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). The disputed debt here resulted from charges against Plaintiff by his former landlords, Defendants Yes Companies Fred, LLC and Yes Homesales, LLC, (collectively, "Hidden Oaks") for damages to a rental unit that Plaintiff previously leased. ECF No. 20 ¶¶ 116, 128. The lease agreement between Hidden Oaks and Plaintiff stated that Plaintiff would pay for minor repairs costing less than $50 and repairs caused by his own negligence or intentional destructive acts, and that Hidden Oaks would pay for all other repairs and maintenance. *Id.* at 58.

Upon Plaintiff's move out, Hidden Oaks provided Plaintiff with a Statement of Deposit itemizing $6,075 worth of damages assessed against him. *Id.* ¶¶ 66–67. Plaintiff had previously sent a letter to Hidden Oaks asserting that he did not cause the damages, that the damages pre-dated his tenancy, and that the costs charged to him were duplicated, fraudulent, and/or severely inflated. *Id.* ¶¶ 116, 128. However, Hidden Oaks proceeded to place Plaintiff's balance as a debt with Defendant National Credit Systems, Inc., ("NCS") a debt collector and a Florida licensed Consumer Collection Agency. *Id.* ¶ 130. Defendant NCS then reported the debt as

an unpaid collection account to several consumer reporting agencies, including the CRA Defendants. *Id.* ¶ 131.

Plaintiff disputed the accuracy of the debt and Defendant NCS's report with the CRA Defendants and sent them a written explanation with supporting documentation. *Id.* ¶¶ 132–134. Among other things, Plaintiff provided his lease showing the repair cost allocations, correspondence with Hidden Oaks acknowledging that the damage pre-dated Plaintiff's tenancy, and Hidden Oaks' Statement of Deposit which contained duplicated charges. *Id.* ¶¶ 135–140.

Plaintiff states that the CRA Defendants failed to conduct a reasonable reinvestigation that considered the information he provided in disputing the debt against him. *Id.* ¶ 141. Among other things, he asserts that the CRA Defendants exclusively relied on Defendant NCS's reporting and did not conduct their own independent reinvestigation. *Id.* ¶¶ 143–144. The CRA Defendants moved to dismiss Plaintiff's complaint and allege that they were not required to conduct a reasonable reinvestigation of Plaintiff's consumer file because Plaintiff's dispute does not allege a factual inaccuracy, but instead challenges the legal validity of the debt resulting from the underlying lease agreement and Florida law. ECF No. 29 at 16.

"To withstand a motion to dismiss under Rule 12(b)(6), a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Hunt*, 814 F.3d at 1221 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A

'claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Hunt*, 814 F.3d at 1221 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Relevant here, 15 U.S.C. § 1681i(a)(1)(A) requires a credit reporting agency to conduct a reasonable reinvestigation to determine whether the information disputed by a consumer contained in that consumer's file is inaccurate. 15 U.S.C § 1681i(a)(1)(A). And to state a claim against a credit reporting agency under 15 U.S.C. § 1681i(a)(1)(A), a plaintiff must show that (1) the agency's consumer file contained factually inaccurate information, (2) that the procedures taken in preparing its consumer file were not reasonable, and (3) that the plaintiff suffered some harm. *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021); *see also Collins v. Experian Info. Sols., Inc.*, 775 F.3d 1330, 1335 (11th Cir. 2015) (holding that a claim under 15 U.S.C. § 1681i(a)(1)(A) involving a consumer file does not require communication to a third party). A factual inaccuracy exists if it is "objectively and reasonably verifiable" as inaccurate. *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1363 (11th Cir. 2024). Whether the factual inaccuracy is actually factual or legal in nature is beside the point. *Kanani v. Experian Information Solutions, Inc.*, No. 6:23-cv-2483-JSS-EJK, 2024 WL 3729484, at *3 (M.D. Fla. Aug. 8, 2024) (citing *Holden,* 98 F.4th at 1363).

The CRA Defendants assert that Plaintiff's disputed inaccuracy was not objectively or readily verifiable because the inaccuracy is purely legal and stems from Hidden Oaks' actions regarding the underlying lease agreement. ECF No. 29 at 3, 8. Plaintiff responds that he is not asking the CRA Defendants to make a legal finding regarding his lease, but to determine that the account balance against him was inaccurate and invalid due to the information he provided to the CRA Defendants. ECF No. 39 at 14–18. Both parties are right to some extent. However, the issue is not as straightforward as either party frames it to be.

Like the CRA Defendants state, they are not required to act as a tribunal and determine whether the debt is legally valid as assessed against Plaintiff. ECF No. 29 at 11; *see Batterman v. BR Carrol Glenridge*, LLC, 829 F. App'x 478, 481–82 (11th Cir. 2020). Determining if Hidden Oaks acted pursuant to the repair allocation provision in the lease is a question of contractual interpretation beyond what the FCRA requires of consumer reporting agencies. But as Plaintiff points out, he is not just contending that the debt is just legally invalid under the terms of the lease agreement or Florida law. ECF No. 39 at 15–17. Plaintiff also states that Hidden Oaks improperly duplicated some charges against him and provided the Statement of Deposit showing the duplicated charges. *Id.* at 18. While the CRA Defendants are not required to determine the legal validity of the full debt against Plaintiff, the CRA Defendants are required to determine if the amount reported against Plaintiff as a

debt was accurate. Plaintiff's amended complaint plausibly alleges that the CRA Defendants could have "objectively and reasonably verified" the inaccuracy of the amount assessed against him by reviewing the Statement of Deposit that Plaintiff provided to them. ECF No. 20 at 67–70; *Id.* ¶ 139. Therefore, Plaintiff has viably alleged the existence of a factual inaccuracy in the CRA Defendants' consumer files for Plaintiff.

The CRA Defendants do not otherwise argue that Plaintiff's allegations fail to establish the remaining elements required for a claim alleged under 15 U.S.C. § 1681(a)(1)(A). Accordingly, the CRA Defendants' motion to dismiss, ECF No. 29, is **DENIED.**

**SO ORDERED on October 16, 2024.**

**s/Mark E. Walker**
**Chief United States District Judge**