**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

**JOCELYN BRUTUS,**
***Plaintiff*,**
**v.** **Case No.: 1:24cv134MW/HTC**
**YES COMPANIES FRED, LLC, et al.,**

***Defendants*.**
_____________________________/

**ORDER DENYING DEFENDANTS YES COMPANIES FRED, LLC AND YES HOMESALES, LLC'S MOTION TO DISMISS**

This Court has considered, without hearing, Defendants Yes Companies Fred, LLC, and Yes Homesales, LLC's (collectively, "Hidden Oaks") joint motion to dismiss Count X and Count XII of Plaintiff Jocelyn Brutus' first amended complaint with prejudice, ECF No. 27, and Plaintiff's memorandum in opposition to Hidden Oaks' motion to dismiss, ECF No. 40. For the reasons summarized below, Hidden Oaks' motion to dismiss is **DENIED.**

Plaintiff's dispute with Hidden Oaks stems from Hidden Oaks' retention of his security deposit and damages to a rental unit that Hidden Oaks charged Plaintiff for. In Count X of the amended complaint, Plaintiff alleges that Hidden Oaks violated § 559.72(9), Fla. Stat. (2010), by instructing Defendant National Credit Systems to collect on a debt that Hidden Oaks knew was not legitimate. ECF No. 20 ¶ 218. In Count XII, Plaintiff alleges that Hidden Oaks violated § 83.49(3)(a), Fla.

Stat. (2024) by failing to return Plaintiff's security deposit to him. *Id.* ¶¶ 226–27. Hidden Oaks argues that Count X should be dismissed with prejudice because Plaintiff has not sufficiently alleged that Hidden Oaks lacked knowledge that the debt it attempted to enforce against Plaintiff was illegitimate. ECF No. 27 at 5–6. Hidden Oaks also argues that Count XII should be dismissed with prejudice because it was not required to return Plaintiff's security deposit. *Id.* at 6–7.

In deciding Hidden Oaks' motion to dismiss, this Court accepts Plaintiff's factual allegations as true and construes them in the light most favorable to Plaintiff. *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). "To withstand a motion to dismiss under Rule 12(b)(6), a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A 'claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Further, "[a] district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls." *Hoefling v. City. of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016).

According to Plaintiff, the facts are as follows. Plaintiff entered into a twelve month lease agreement with Hidden Oaks in March 2019 for a property located in the Hidden Oaks community at 825 Victoria Court, Gainesville, FL, 32607 (The "Residence"). ECF No. 20 ¶¶ 41, 49. The lease provided that Plaintiff would pay for "minor repairs" costing less than $50 and any repairs caused by Plaintiff's "negligence or intentional destructive acts." *Id.* at 53. All other repairs would be paid for by Hidden Oaks. *Id.* Plaintiff also paid Hidden Oaks a $840 security deposit under the lease agreement, $100 of which was nonrefundable. *Id.* ¶ 51.

Before signing the agreement, however, Plaintiff noticed that the Residence had significant pre-existing damage. *Id.* ¶¶ 43–48. Hidden Oaks' employee acknowledged that the damage was caused by the Residence's prior tenant. *Id.* ¶ 48. Plaintiff entered into the lease agreement with Hidden Oaks, but Hidden Oaks never made any repairs to the Residence during Plaintiff's tenancy. *Id.* ¶¶ 44, 49, 52. Plaintiff contacted Hidden Oaks daily from March 27, 2019 to April 15, 2019 asking it to make repairs to the Residence. *Id.* ¶¶ 52–54. Plaintiff remained at the Residence until the end of March 2022. *Id.* ¶ 57.

On February 22, 2022, Hidden Oaks ultimately informed Plaintiff that his lease would expire on March 31, 2022 with no option for renewal and that he would need to surrender the Residence to Hidden Oaks. *Id.* ¶¶ 56, 62. Plaintiff left the Residence as instructed. *Id.* ¶ 64. On April 2, 2022, Hidden Oaks sent Plaintiff a

Statement of Deposit charging Plaintiff for $6,075 worth of damages to the Residence that Hidden Oaks asserted Plaintiff caused during his tenancy. *Id.* ¶¶ 66–67. The Statement of Deposit also informed Plaintiff that $100 of his $840 deposit would be deducted for a cleaning fee. *Id.* ¶ 67.

Shortly after, on April 27, 2022, Plaintiff sent Hidden Oaks a letter disputing the total assessed against him, claiming that Hidden Oaks overcharged and double billed him for certain repairs and otherwise charged Plaintiff for damages he did not cause. *Id.* ¶ 116. Plaintiff's letter also demanded that Hidden Oaks return his security deposit in full. *Id.* ¶ 117. Hidden Oaks did not return any of Plaintiff's deposit to him and did not respond to Plaintiff's letter. *Id.* ¶¶ 125, 129. Instead, Hidden Oaks placed a debt against Plaintiff with Defendant National Credit Systems for collection in and instructed it to collect $6,075 from Plaintiff. *Id.*

Count X of Plaintiff's amended complaint alleges that Hidden Oaks violated § 559.72(9), Fla. Stat. (2010) by attempting to enforce a debt against him that it knew was illegitimate. To state a cause of action under § 559.72(9), Fla. Stat. (2010), a plaintiff must allege that there is "an illegitimate debt" against him or her, that the defendant has made "a threat or attempt to enforce the debt," and that the defendant had actual "knowledge that the debt is illegitimate." *Davis v. Sheridan Healthcare, Inc.*, 281 So. 3d 1259, 1264 (Fla. 2d DCA 2019).

Hidden Oaks moves to dismiss Count X on the basis that Plaintiff has not alleged that Hidden Oaks had actual knowledge that the debt it attempted to enforce against Plaintiff was illegitimate. ECF No. 27 at 5–6.[1] It is true that Plaintiff did not state the legal conclusion that Hidden Oaks had actual knowledge. But Hidden Oaks' fallacy is that Plaintiff has alleged granular facts supporting the legal conclusion that Hidden Oaks did have actual knowledge that Plaintiff was not responsible for the disputed debt.

For example, Plaintiff provides that Hidden Oaks knowingly duplicated some of the costs assessed against him and overcharged him for repairs. ECF No. 20 ¶¶ 90, 93, 99, 101. He also asserts that Hidden Oaks' employee knew and acknowledged much of the damage to the Residence pre-dated Plaintiff's tenancy. *Id.* ¶ 48. And given Plaintiff's allegations that Hidden Oaks' employee was acting on its behalf when communicating with him, Hidden Oaks' employee's knowledge could plausibly be imputed to Hidden Oaks. *Dye v. Tamko Bldg. Prod., Inc.*, 908 F.3d 675, 685–86 (11th Cir. 2018) (applying Florida law) (the knowledge or notice that an agent acquires while acting within the course or scope of his authority is generally imputed to the principal). Moreover, Plaintiff alleges that he directly informed

---

[1] Hidden Oaks also claims that it had a "good faith basis" for imposing the charges against Plaintiff because it inspected the Residence after Plaintiff vacated it and believed that Plaintiff, as the former occupant, caused the "significant damage" it observed. ECF No. 27 at 5—6. But a defendant cannot interject new facts into a plaintiff's complaint to support its motion to dismiss.

Hidden Oaks at the beginning of his tenancy that the Residence had significant pre-existing damage that he asked it to fix. *Id.* ¶ 53. In short, Plaintiff's allegations plausibly demonstrate that Hidden Oaks did have knowledge that the charges it attempted to enforce as a debt against him were illegitimate. Accordingly, Plaintiff has plausibly alleged that Hidden Oaks violated § 559.72(9), Fla. Stat. (2010).[2]

Hidden Oaks next claims that Count XII of Plaintiff's complaint should be dismissed with prejudice because Plaintiff is not entitled to the return of his security deposit. Hidden Oaks argues that § 83.49(3)(a), Fla. Stat. (2024) does not require a landlord to return a tenant's security deposit when the tenant objects to a claim the landlord has charged against his or her security deposit. ECF No. 27 at 6–7. But Hidden Oaks talks past Plaintiff's argument. Plaintiff is instead asserting that he was entitled to the return of his security deposit under § 83.49(3)(a), Fla. Stat. (2024) because Hidden Oaks did not provide him the required statutory notice that would allow Hidden Oaks to withhold the entirety of his deposit. ECF No. 20 ¶¶ 120–125, 226. § 83.49(3)(a), Fla. Stat. (2024) sets forth the notice that a landlord must provide to a tenant in order to retain that tenant's security deposit. But if a landlord fails to provide the required notice, the landlord "forfeit[s] his access to that particular

[2] It is dumbfounding that Hidden Oaks would move to dismiss Plaintiff's amended complaint with prejudice. Assuming arguendo that Plaintiff had alleged bare legal conclusions in his complaint, this Court would dismiss the amended complaint without prejudice with leave to amend.

readily available fund of money"– the deposit – and must return the deposit to the tenant. § 83.49(3)(a), Fla. Stat. (2024)*; see Durene v. Alcime,* 448 So. 2d 1208, 1210 (Fla. 3d DCA 1984) (interpreting § 83.49, Fla. Stat. (1983)). Separately, the landlord has fifteen days to return the tenant's security deposit if it does not intend to impose a claim on the security deposit. § 83.49(3)(a), Fla. Stat. (2024).

What Plaintiff is alleging here is that Hidden Oaks never sent him a compliant notice of its intent to impose a claim against the entirety of his security deposit.[3] *See Wootton v. Iron Acquisitions, LLC*, 338 So. 3d 425, 428 (Fla. 2d DCA 2022) (strictly construing the requirements of § 83.49(3)(a), Fla. Stat. (2024). If this were true, Hidden Oaks would have "forfeit[ed] [its] access" to Plaintiff's deposit, and Plaintiff would be entitled to the return of his deposit notwithstanding any later objection he may have made. Because Plaintiff has sufficiently alleged that Hidden Oaks did not comply with the requirements of § 83.49(3)(a), Fla. Stat. (2024), he has stated a plausible claim for the return of his security deposit.

Hidden Oaks raises two other issues that are non-starters and detached from any of Plaintiff's specific claims against it. The first such argument Hidden Oaks makes is that its employee's statements to Plaintiff should be excluded from any interpretation of the lease agreement due to the agreement's "AS IS" clause. ECF

[3] Plaintiff and Hidden Oaks dispute the amount that was required to be returned to Plaintiff because the lease agreement provided that $100 of Plaintiff's deposit was non-refundable. This is a factual dispute that this Court will not address on a motion to dismiss.

No. 27 at 2–4. But that is beside the point. This Court has not been called to interpret the lease agreement in any way.

The second argument Hidden Oaks makes is that Plaintiff waived his ability to bring an action against Hidden Oaks regarding its "material noncompliance with the lease regarding conditions of the home" because he paid rent and did not provide statutory notice to Hidden Oaks regarding its noncompliance. ECF No. 27 at 4–5. But Hidden Oaks is again talking past Plaintiff. § 83.56 (5)(a), Fla. Stat. (2024) provides that a tenant may not bring a civil action against a landlord for the landlord's noncompliance with a material term of the lease or § 83.52, Fla. Stat. (2024) if the tenant pays rent with actual knowledge of a noncompliance. § 83.56(5)(a), Fla. Stat. (2024). Section 83.56 (5)(a) has nothing to do with Plaintiff's amended complaint. Plaintiff actions against Hidden Oaks are not based on the lease agreement or Hidden Oaks' failure to provide repairs during Plaintiff's tenancy.

Accordingly, Hidden Oaks motion to dismiss, ECF No. 27, is **DENIED**.

**SO ORDERED on October 16, 2024.**

**s/Mark E. Walker**
**Chief United States District Judge**